UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELTA LAND & TITLE, LLC, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO:  06-5374-EEF-SS** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | |

### REPORT AND RECOMMENDATION

Before the undersigned is the motion of defendant, State Farm Fire and Casualty Company ("State Farm"), for sanctions.  For the reasons described below it is recommended that the motion be granted and that:  (1) the plaintiffs' claims for penalties under La. Rev. Stat. Ann. §§ 22:658 and 1220 be dismissed with prejudice; (2) the plaintiffs be required to reimburse State Farm for its reasonable attorney's fees and costs incurred in bringing this motion; and (3) the pretrial conference and trial be continued and reset with a new deadline for the completion of discovery.

### BACKGROUND

On August 29, 2006, the plaintiffs, Delta Land & Title LLC ("Delta"), Harold J. Anderson, Inc. ("HJA"), Louisiana Land and Abstract Company, Inc. ("LLA") and Souther Title & Abstract ("STA"), filed a complaint against State Farm to recover on business interruption policies for losses sustained after Hurricane Katrina.  Two of the plaintiffs were located in New Orleans.  The other two were located in Chalmette.  They allege that State Farm refused to pay monies due under the policies and was liable for statutory penalties.  Rec. docs. 1 and 12.

The trial was set for October 15, 2007.  Rec. doc. 9.  On July 31, 2007, the plaintiffs sought a continuance and stated:

Plaintiffs are in the process of completing their responses to Interrogatories and

> Request for Production of Documents propounded by defendant, which are overdue, due to the length of time it has taken to compile the necessary documents to prepare thorough responses. Plaintiffs anticipate completing these responses within the next two weeks. Due to this delay, no depositions have been taken and has further resulted in plaintiffs' experts being unable to complete their reports and exchange same by the current deadline of August 2, 2007.

Rec. doc 23. The trial was reset for December 10, 2007. Rec. doc. 25.

On November 1, 2007, State Farm filed its first motion to compel. It documented its efforts, both before and after the filing of the suit, to secure information required to respond to plaintiffs' claims for lost income. Rec. doc. 31. The plaintiffs responded by reporting that documents had been produced and additional documents, for example monthly financial statements, would be produced as they were located or prepared by their accountant. Rec. doc. 39. Based upon the plaintiffs' representations, the motion to compel was dismissed as moot. Rec. doc. 42.

On November 7, 2007, a settlement conference was conducted. Rec. doc. 36. After the conference, State Farm with the consent of the plaintiffs, moved to continue the trial. The motion to continue reported ongoing problems in securing documents from the plaintiffs. Rec. doc. 35. The trial was reset for June 9, 2008. Rec. doc. 44.

On February 12, 2008, State Farm filed a second motion to compel. It reported that discovery requests were outstanding since November 28, 2007. Rec. doc. 45. The motion was granted. The plaintiffs were ordered to provide specific information to State Farm by March 6, 2008. The order contains the following statement:

> **Further, any failure to comply with valid discovery requests may result in sanctions being imposed. Any appeal of this order must be filed within five (5) working days of its entry.**

Rec. doc. 54 at 2 (emphasis in original). The plaintiffs' appeal was denied. Rec. doc. 64.

On April 1, 2008, the undersigned ordered the parties to meet and the plaintiffs were ordered

to bring all schedules and documentation supporting their claims to the conference. Rec. doc. 64. On April 22, 2008, the parties moved to extend the deadline for completion of discovery to May 20, 2008, because the plaintiffs' representative could not attend his deposition which was set for April 23 and 24, 2008. Rec. doc. 68. The request was granted. Rec. doc. 70.

On May 14, 2008, State Farm filed this motion for sanctions. Rec. doc. 71.

ARGUMENTS OF THE PARTIES

State Farm reports that, as a result of the undersigned's order of April 1, 2008, the conference between the parties was set for April 8, 2008. Although the plaintiffs were ordered to bring all schedules and documentation supporting their claim to the conference, they brought <u>nothing</u>. The plaintiffs contended that because their accountant was busy with tax season, he was unable to produce any documentation. A meeting was set for April 23, 2008 at the office of plaintiffs' accountant. State Farm reports that the meeting took place and it was able to ask questions of plaintiffs' accountant (this was not a deposition). State Farm identified documents that it required to analyze and respond to plaintiffs' claims. On April 25, 2008, State Farm faxed a letter to counsel for plaintiffs confirming the documents it required. For example, State Farm sought support for a list of twenty-five checks, identified by number, drawn by HJA. Rec. doc. 73 (Exhibit B). The documents were to be produced by May 5, 2008 so they could be reviewed by State Farm's expert before a settlement conference set for May 19, 2008.

In response to this effort, plaintiffs' counsel sent State Farm a letter which said:

> Mr. Geraci [the plaintiffs' accountant] has delivered to us a complete copy of all of the materials in his 2005 tax files for his clients and we enclose an additional copy herewith for your use.

Rec. doc. 73 (Exhibit C). This response did not comply with the order of February 28, 2008. Rec.

doc. 54. Pursuant to that order, plaintiffs were required to provide more than just 2005 financial information. The response did not provide the information sought in the meeting of April 23, 2008 with the accountant, as confirmed in the letter of April 25, 2008.

The plaintiffs acknowledge receipt of the letter of April 25, 2008. They report that although they forwarded the letter to the accountant, he did not receive it. Rec. doc. 78 at 2. The plaintiffs state:

> Mr. Geraci is also continuing to work on the production of the remaining materials referenced in the letter and informed undersigned counsel on Monday, May 19, 2008, that he hopes to have the task complete by the end of next week, due to previous commitments to his other clients. He also transmitted additional material today - May 21, 2008 which is attached as Exhibit "D". These have also been delivered by hand to the defendants.

Rec. doc. 78 at 3.

The case is in the same posture as it was on July 31, 2007 when the plaintiffs filed their first motion to continue: They are still attempting to gather essential documents and are unable to complete discovery. Experts cannot complete their reports. State Farm cannot take the deposition of plaintiffs' accountant. The case is not ready for trial.

The plaintiffs contend that they should not be held responsible for the shortcomings of their accountant, who is a sole practitioner. What the plaintiffs are urging is that if a party chooses to out-source a critical function, like accounting, it is not responsible for the consequences if the agent does not perform. One can imagine plaintiffs' reaction if the shoe were on the other foot and State Farm argued it could not respond to plaintiffs' discovery in a timely manner because it had out-sourced one of its critical functions.

## ANALYSIS

The plaintiffs filed this action on August 29, 2006. Their claims for business interruption

losses require them to present detailed information in support of lost revenues and additional expenses.  State Farm cannot respond to the claim and the case cannot proceed without this information.  The plaintiffs acknowledged this when they moved for a continuance in July 2007.  At that time they reported that discovery responses would be complete within two weeks.  Rec. doc. 23.  Three months later, on November 13, 2007, they were still promising to deliver information in response to State Farm's motion to compel.  Rec. doc. 42.  In response to State Farm's second motion to compel, the plaintiffs insisted they had produced sufficient documentation, but acknowledged that more would be forthcoming.  Rec. doc. 49.  Although the plaintiffs were ordered to provide more documentation, they failed to do so.  Although they were ordered to produce documents supporting their claim at the conference on April 8, 2008, they showed up with nothing.  The issue of the plaintiffs' failure to respond to discovery is before the undersigned for the third time.

The record demonstrates that the plaintiffs are not serious about the pursuit of their claims or their responsibilities as litigants in federal court.  They may not file suit and expect the Court and State Farm to do the rest.  The order of February 28, 2008 warned the plaintiffs that any further failure to comply with valid discovery requests could result in sanctions.  Rec. doc. 54 at 2.  The plaintiffs ignored this warning.

Pursuant to Fed. R. Civ. P. 37(b)(2), "[i]f a party . . . fails to obey an order to provide . . . discovery, including an order to order made under subdivision (a) of this rule . . . the court in which the action is pending  may make such orders as are just. . . ."  Among the orders which may entered is "[a]n order striking out pleadings or parts thereof. . . ."  Fed. R. Civ. P. 37(b)(2)(C).  In addition, the court may require the party to pay the reasonable expenses, including attorney's fees, caused by

5

the failure to comply. These costs are not imposed where the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2).

The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear. See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a Court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the Court. Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998); and Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). Such a dismissal is considered to be an adjudication on the merits. Hughes v. City of Houston, 78F.3d 983, 994 (5th Cir. 1996). In Brinkmann, the Fifth Circuit said, "dismissal with prejudice is normally appropriate only if its deterrent value cannot be substantially achieved by use of less drastic sanctions." 813 F.2d at 749.

Although there is much about the behavior of the plaintiffs that would warrant a dismissal of all of their claims with prejudice, less drastic sanctions have not been imposed. At this time a dismissal with prejudice of the plaintiffs' claims for statutory penalties under La. Rev. Stat. Ann. §§ 22:658 and 1220 is warranted.[1] This leaves the plaintiffs with their claims for the amounts owed under the business interruption policies. In addition, the plaintiffs shall pay State Farm its reasonable attorney's fees and costs in bringing the original motions to compel and this motion for sanctions. The plaintiffs failure to comply with the discovery orders was not substantially justified and there are no other circumstances which make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2).

Unfortunately the only way to prepare the case for trial is to continue the pretrial conference

---

[1] Plaintiffs cannot contend that State Farm was in "bad faith" in adjusting their claims when, as of May, 2008 plaintiffs have been unable to produce documents supporting those claims.

and trial. New deadlines must be entered, including a deadline for plaintiffs to comply fully with the order of February 28, 2008 and produce the information sought by State Farm in the letter of April 25, 2008. Accordingly,

## **RECOMMENDATION**

IT IS RECOMMENDED that:

1. State Farm's motion for sanctions for plaintiffs' failure to comply with February 28, 2008 discovery order (Rec. doc. 73) be GRANTED.

2. Plaintiffs' claims for penalties, pursuant to La. Rev. Stat. Ann. §§ 22:658 and 1220, be DISMISSED WITH PREJUDICE.

3. Plaintiffs be required to pay State Farm its reasonable attorney's fees and costs incurred in presenting its two earlier motions to compel and this motion for sanctions. **Within fifteen (15) working days of the entry of this order** State Farm shall submit its statement of fees and costs.

4. The pretrial conference and trial be continued and a scheduling conference be set to assign new dates.

5. Plaintiffs be required to fully respond to the discovery order of February 28, 2008 (Rec. doc. 54) and State Farm's letter of April 25, 2008 (Rec. doc. 73 (Exhibit B)) **within fifteen (15) working days of the entry of this order.**

6. Plaintiffs be warned that the failure to comply with this order or any further discovery order in this action will result in the dismissal of all of their claims with prejudice.

7. **Within seven (7) working days of the entry of the order,** the plaintiffs be required to file an affidavit in the record from Harold J. Anderson stating that he has read the entirety of this

report and recommendation and the order and fully understands them.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 23rd day of May, 2008.

                                                    **SALLY SHUSHAN**
                                      **United States Magistrate Judge**